MILTON DELANO, RESPONDENT, *v.* SIMON S. HARP AND OTHERS, APPELLANTS.

*Practice — when a case must be made, in order to enable the General Term to review a judgment — Code of Civil Procedure, sec. 997.*

To enable the General Term to review upon appeal a judgment, entered upon the verdict of a jury directed by the court, a case must be prepared and settled as required by section 997 of the Code of Civil Procedure. If this be not done the appeal brings nothing before the appellate court which it can review.

APPEAL from a judgment, entered upon a verdict directed by the court at the Madison Circuit in February, 1879.

The appeal book contained no case or exceptions, but simply the judgment-roll, consisting of the summons and complaint, with proof of service, the answers, judgment, notice of appeal and certificate of the clerk. The judgment was in these words, following the title of the cause, viz. :

"This action having been tried by Mr. Justice MARTIN and a jury at a circuit court held at the Court-house in Morrisville, in and for said county, on the 19th day of February, 1879, before the Hon. CELORA E. MARTIN, and the court having directed the jury to find a verdict for said plaintiff for the sum of $468.39, and said verdict having been entered in the minutes of the said court, now, on motion of G. A. Forbes, plaintiff's attorney, it is hereby adjudged by the court that the plaintiff recover of the defendants the sum of $468.39 damages, together with the costs of this action, taxed at $159.63, in all amounting to the sum of $628.02.

"JOHN N. WOODBURY, *Clerk.*"

The certificate of the clerk mentioned simply the judgment-roll and notice of appeal.

*E. J. Brown*, for the appellants.

*G. A. Forbes*, for the respondent.

VANN, J. :

The appeal from a final judgment, authorized by section 1346 of the Code of Civil Procedure, is required to be heard upon a certi-

fied copy of the notice of appeal, judgment-roll and case or notice of exceptions, if any. (Sec. 1353.)

By section 997 a party intending to appeal from a judgment rendered after the trial of an issue of fact is, " except as otherwise prescribed by law," required to make a case and procure the same to be settled and signed. The next section provides that it is not necessary to make a case where a party intends to appeal from a judgment entered upon a referee's report, or a decision of the court. upon a trial without a jury, and to rely only upon exceptions taken after the close of the trial by the court or referee. (Secs. 994 and 998.) There is no provision dispensing with a case, when the appellant intends to review a final judgment only, entered upon the verdict of a jury. This appeal, therefore, brings nothing before us that we can review. (Code Civil Pro., §§ 994, 997, 998 and 1346; *Smith* v. *Starr*, 70 N. Y., 155; 4 Wait's Pr., 303.)

There is nothing in the judgment-roll to raise any of the questions of law that have been argued by the learned counsel for the appellants with so much zeal. There is no objection or exception to direct the attention of the court to any subject whatever. Even if the complaint sets forth an illegal contract, there is nothing to show that the illegality was not waived or cured by an amendment upon the trial. Not one of the defenses urged upon this appeal is pleaded in either answer and all of the defendants allege that another bond " of like form, import, force and effect," to that in question, " and with like conditions and wording, * * * since its delivery has been, and now is in the hands of the plaintiff herein, a valid and subsisting security."

The appellants cannot make this appeal, supported only by the judgment-roll, perform the office of a demurrer to the complaint, because any defect in the pleadings may have been remedied at the trial. So far as appears the defendants may have made default at the circuit, and the jury may have been directed to render a verdict as upon an assessment of damages, or the direction to the jury may have been given with their consent or even at their express request.

No error, calling for a reversal of the judgment, can be made to appear when the trial was before a jury, and the appeal is heard upon the judgment-roll only. Even where the trial is before a referee, or before the court without a jury, unless exceptions are

filed before the entry of judgment and they are inserted in the judgment-roll in accordance with section 994, an appeal, heard only upon the judgment-roll, would present no question for decision. If the decision of a question of fact can be reviewed, when the evidence is spread before the court, without any exception, no question of law can be raised for determination without an exception in some form.

The judgment should be affirmed, with costs.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.